*47 OPINION.
Trammell:
We think that this case is controlled by the case of Lucas v. Ox Fibre Brush Co., 281 U. S. 115. The Commissioner undertook to distinguish this case upon the ground that the additional compensation was not authorized by the board of directors during the taxable year. He also takes the position that it is not shown that the additional compensation was reasonable in amount for services rendered.
We think from the evidence that Clark was in every substantial sense of the word authorized by the corporation to determine and fix the amount of compensation paid to Bitter. The usual practice and maimer of conducting the affairs of the corporation indicate that Clark had this implied authority. The corporation had uniformly, merely as a formality, approved his action. He owned substantially all of the stock of the corporation. The shares not owned by him were merely qualifying shares. The amount was not only determined, but credited on the books of the corporation in 1924. The action in 1924 was in pursuance of the regular course of conduct of corporate affairs. We think this action was sufficient to create an obligation in 1924 to pay the additional compensation. This conclusion is supported by previous decisions. See King-Parker, Inc., 6 B. T. A. 884; Archer Paper Co., 1 B. T. A. 634; Gordon Furniture Co., 3 B. T. A. 311.
In any event, the formal ratification of the board of directors, which consisted of the petitioner and those directors who merely held qualifying shares, relates back to the time of the act which *48 was ratified, and this was in 1924. See Fletcher Cyc. Corporations, vol. 4, p. 3425; Flechner v. Bank of United States, 8 Wheat. 338; In re Grocers’ Baking Co., 266 Fed. 900.
On the question of the reasonableness of the compensation, we think that the evidence is sufficient to show that it was reasonable compensation for services rendered for 1924 and the two previous years. Fitter owned only qualifying shares in the corporation and it could, in no sense, have been said that it was a distribution of profits. He was general manager of the corporation and the success of the business depended upon his management. It was financially successful and we believe that the amount was reasonable. It was so considered by Clark, who owned substantially all of the stock, and by the board of directors.
In view of the foregoing, we are of the opinion that the amount is a proper deduction in computing net income for 1924.

Judgment will be entered wnder Bule 50.